# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

TINA M. WELLER,                              )
                                             )
            Plaintiff,                       )
                                             )
vs.                                          )
                                             ) No. 05-0041-CV-W-FJG
                                             )
LEGAL AID OF WESTERN MISSOURI, et al.,       )
                                             )
            Defendants.                      )

## ORDER

Currently pending before the Court is plaintiff's Motion for Reconsideration and/or to Amend Complaint (Doc. # 6), defendant William Shull's Motion to Dismiss (Doc. # 8) and plaintiff's Motion for Permission to File Addendum (Doc. # 13).

## I. BACKGROUND

In an Order dated February 16, 2005, the Court noted that plaintiff had filed four separate lawsuits. Case 05-0039 named Legal Aid of Western Missouri as the only defendant. Case No. 05-0041 named Legal Aid of Western Missouri and William A. Shull, individually as defendants. Case 05-0040 named the Cass County Prosecutor's office and Case 05-0042 named the Cass County Prosecutor's Office and Christopher Koster, individually as defendants. In each case, the allegations in the cases against the two defendants were identical to the allegations in the Complaint where only one defendant was named. Thus, because the allegations were identical in two of the cases, the Court dismissed Case 05-0039 and Case 05-0040.

In her Motion for Reconsideration and/or to Amend, plaintiff states that as a pro

se plaintiff she was given forms from the Clerk's office which did not spell out each statute, law or regulation and she thought that she needed to file a separate complaint for each type of discrimination she was alleging. Plaintiff states that she now believes that she also has a cause of action for discrimination in hiring under 42 U.S.C. § 1983. Thus, plaintiff is requesting that Case No. 05-0039 be reinstated or that she be permitted to amend her Complaint in Case No. 05-0041 to add separate counts.

Defendant William A. Shull, III, managing attorney of the Warrensburg, Missouri office of Legal Aid of Western Missouri, moves for dismissal of the claims asserted against him personally. Defendant Shull states that neither supervisors nor individual employees are liable under either Title VII or the ADEA. Defendant Shull in his reply suggestions also states that to the extent that plaintiff is suing under 42 U.S.C. § 1983, such claims should also be dismissed as legal aid organizations are not the proper subject of Section 1983 actions.

## II. DISCUSSION

### A. Motion to Amend

Motions to amend should generally be freely be granted. However, as the Court noted in Peters Co. Inc. v. Stayhealthy, Inc., No. 03-3210 JRT/FLN, 2004 WL 1465830, (D.Minn. June 1, 2004), "[d]espite this liberal standard, leave to amend is improper if the proposed amendment does not state a claim on which relief may be granted." See also Berczyk v. Emerson Tool Co., 291 F.Supp.2d 1004 (D.Minn. 2003)("While leave to amend should be freely given, such leave should not be afforded where the proposed amendments are futile."); DeRoche v. All American Bottling Corp., 38 F.Supp.2d 1102, 1105 (D.Minn. 1998)("Although we begin with a presumption of liberality, an amendment to a pleading can be successfully challenged on grounds of futility if the claims created

2

by the amendment would not withstand a Motion to Dismiss for failure to state a claim

upon which relief can be granted.").

In her Motion to Amend, plaintiff seeks to either reinstate Case No. 05-0039[1] or

amend Case No. 05-0041 to add a Section 1983 claim.  Defendant Shull asserts that

plaintiff should not be given leave to amend or reinstate her previously dismissed case

because Section 1983 claims cannot be asserted against Legal Aid organizations.

Defendant Shull states that courts have consistently held legal aid organizations

to be "fundamentally private in nature" and thus not subject to Section 1983 claims.  See

Lefcourt v. Legal Aid Society, 445 F.2d 1150 (2d Cir. 1971); Wallace v. Kern, 481 F.2d

621, 622 (2d Cir. 1973), cert. denied, 414 U.S. 1135 (1974);  Gerena v. Puerto Rico

Legal Services, Inc., 697 F.2d 447 (1st Cir. 1983) and Schnabel v. Abramson, 232 F.3d

83 (2d Cir. 2000).

Plaintiff argues in response that Legal Aid is registered as a non-profit

"benevolent" corporation under the laws of the State of Missouri and therefore does not

receive any exemption from civil rights lawsuits under Missouri's Nonprofit Corporation

Law, Mo.Rev.Stat. § 355.001.  Plaintiff cites to Mo.Rev.Stat. § 537.118.2(3), "[n]othing in

this section shall be construed to create or abolish an immunity in favor of a non-profit

organization or a governmental entity."[2]  Additionally, plaintiff argues that the cases cited

by defendant are all distinguishable.  She argues that there is a distinction between

"Legal Services" corporations which are funded by private or intermingled funds and

---

[1] The Court is not sure why plaintiff would want to reinstate this Case, because no Section 1983 claim was stated in this case either.

[2] Of course whether Legal Aid has immunity under Missouri law is completely irrelevant to the question of whether plaintiff can bring a Section 1983 claim against Legal Aid.

3

those which are funded by government funds, such as the Department of Justice.   In the instant case, she argues that the positions she applied for in 2002 and 2004 were to be funded solely through the Justice Department, through a grant under the Violence Against Women Act.  The position required that the person hired for that job work only on protective orders and could not work on any other cases. Plaintiff argues that because she was applying for a special prosecutor position which was to be funded under a federal grant, this subjects Legal Aid to liability under Section 1983.  In support of her position, plaintiff cites Lyons v. Legal Aid Society, 68 F.3d 1512 (2d Cir. 1995), Sullivan v. Little Hunting Park, Inc., 396 U.S. 229 (1969), Caraballo Seda, et al. v. Javier Rivera, 306 F.Supp.2d 108 (D.P.R. 2004) and Delgado-Greo v. Trujillo, 270 F.Supp.2d 189 (D.P.R. 2003), Perez v. Sugarman, 499 F.2d 761 (2d Cir. 1974).  However, none of these cases support plaintiff's position.  In Perez, the Court found that two private child-caring institutions could be subject to Section 1983 liability because the state was acting through these private institutions. No where in the opinion did the Court discuss legal aid organizations.  Similarly, in Sullivan, the Court considered whether an individual who was a shareholder in a corporation organized to operate a community park and playground facility could transfer his membership share to an African American man.  In that case, the owner of the membership share and the lessee sued under 42 U.S.C. §1981 and §1982.  Again, this case did not address or discuss § 1983 claims against legal aid organizations. In Caraballo Seda the court considered whether there had been political discrimination in employment relating to a nonprofit partnership.  In Greo, the court again considered a claim of political discrimination under § 1983 against a non-profit partnership.  The only case which plaintiff cites which actually involved a legal aid society is Lyons.  In that case, the plaintiff, a disabled staff attorney, sued Legal Aid

4

under the ADA and the Rehabilitation Act for refusing to provide her with a parking space close to her office.  However, in that case the plaintiff did not bring any claims under Section 1983 and the Court did not address that statute.

In contrast, defendant has provided cases which specifically hold that the activities of a Legal Aid Society do not constitute state action.  See Lefcourt v. Legal Aid Society, 445 F.2d 1150 (2d Cir. 1971), in which the Court held that a former staff attorney did not state a cause of action under Section 1983 because the activities of the Society did not constitute state action.  See also, Schnabel v. Abramson, 232 F.3d 83 (2d Cir. 2000)("We therefore reaffirm the validity of our conclusion in Lefcourt and Graseck that a legal aid society ordinarily is not a state actor amendable to suit under § 1983."); Fariello v. Rodriquez, 148 F.R.D. 670, 686 (E.D.N.Y. 1993), aff'd, 22 F.3d 1090 (2d Cir. 1994)("holding that a staff attorney with the Nassau-Suffolk Law Services is not a state actor). Additionally, defendant notes that the receipt of federal funding does not by itself subject a legal aid society to Section 1983 liability.  In Gerena v. Puerto Rico Legal Services, Inc., 697 F.2d 447 (1st Cir. 1983), the Court stated: "the receipt of government funds alone is not enough to show either a nexus between PRLS and the Commonwealth, or that there is a 'symbiotic relationship' between the two. Rendering legal services to the needy in civil matters is no more a traditionally exclusive public function of the Commonwealth than it is of the federal government." Id. at 452.

Therefore, the Court finds that plaintiff cannot state a claim against Legal Aid of Western Missouri under Section 1983 because she cannot show any state action on the part of Legal Aid.  As this is an essential element of plaintiff's claim, it would therefore be futile to allow plaintiff to amend her Complaint to state a claim under Section 1983.

However, in order to allow plaintiff an opportunity to more clearly state the claims

5

which she is asserting against defendant Legal Aid of Western Missouri, plaintiff will be allowed to amend her Complaint to specifically state and describe the Title VII and ADEA claims which she is alleging against Legal Aid of Western Missouri.  Accordingly, the Court hereby **GRANTS** in part and **DENIES** in part plaintiff's Motion for Leave to Amend her Complaint (Doc. # 6).  Plaintiff shall filed her Amended Complaint on or before September 13, 2005.

### B. Motion to Dismiss

"The issue on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of his or her claims." Doe v. Hartz, 52 F.Supp.2d 1027, 1049 (N.D.Iowa 1999), citing, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Aceto Agr. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.), cert. denied, 522 U.S. 859 (1997) (citations omitted). "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Doe, 52 F.Supp.2d at 1050, citing, Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)(internal quotations, ellipses and citations omitted). "The purpose of a 12(b)(6) motion is to determine whether the plaintiff has stated a claim upon which relief may be granted.

Defendant Shull moves to dismiss the Title VII and ADEA claims which plaintiff has asserted against him in his individual capacity.  In response, plaintiff asserts that

Shull is liable under § 1983 and also Title VI.  As discussed above, neither Legal Aid of Western Missouri nor defendant Shull are liable under Section 1983.  With regard to Title VI the statute states in part:

> Nothing contained in this subchapter shall be construed to authorize action under this subchapter by any department or agency with respect to any employment practice of any employer, employment agency, or labor organization except where a *primary objective* of the Federal financial assistance is to provide employment.

42 U.S.C. § 2000d-3.  In Luallen v. Guilford Health Care Centers, No. 1:02CV00738, 2003 WL 23094916 (M.D.N.C. Dec. 18, 2003), aff'd, 115 Fed.Appx. 167 (4th Cir. 2004), cert. denied, 125 S.Ct. 2521 (2005), the Court stated, "[w]hen a plaintiff fails to show any evidence that a defendant receives federal funds for employment purposes, a Title VI claim cannot be sustained."  See Ingram v. Morgan State Univ., No. 95-2314, 1996 WL 13861 at *1 (4th Cir. Jan. 16, 1996)(affirming dismissal of Title VI claim when plaintiff failed to show employer used federal funds primarily for employment purposes or that she was the intended beneficiary of such assistance); Grimes v. Superior Home Health Care of Middle Tenn., Inc., 929 F.Supp. 1088, 1094 (M.D.Tenn. 1996)(same).

In the instant case, although plaintiff has alleged that defendant received federal funding, she states that the funding was through the Department of Justice pursuant to a grant under the Violence Against Women Act.  The grant was to allow an attorney to work on protective orders.  Thus, plaintiff admits that the funds were not used to generate employment or jobs, but rather were to provide legal representation to individuals who were without legal counsel and in need of protective orders. Therefore, the Court finds that plaintiff cannot state a claim against defendants under Title VI.

As to Title VII and the ADEA, plaintiff has failed to respond to defendant Shull's argument that there is no individual liability under either of these statutes.  The Court

finds that there is no individual liability under either of these statutes.  In <u>Malone v. Des Moines Area Comm. College</u>, No. 4:04-CV-40103, 2005 WL 290008 (S.D.Iowa Jan. 26, 2005), the Court stated "there is no individual supervisor liability under Title VII."  <u>Id</u>. at *9 <u>citing</u> <u>Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist.</u>, 121 F.3d 446, 447 (8th Cir. 1997).  Additionally, in <u>Bleckler v. Schweigert Brothers, Inc.</u>, No. 4:04 CV 312 DP, 2004 WL 1240964, (E.D. Mo. June 2, 2004), the Court stated:

> [a]lthough the Eighth Circuit has not addressed the question of whether individuals may be held liable under the ADEA, the Court has found that under the definitions of employer under Title VII and the MHRA do not subject employees, including supervisors or managers to individual liability. <u>Lenhardt v. Basic Institute of Technology, Inc.</u>, 55 F.3d 377, 381 (8th Cir. 1995). . . . Furthermore, district courts within this circuit have declined to hold individuals liable under the ADEA.  <u>Kelleher v. Aerospace Community Credit Union</u>, 927 F.Supp. 361, 362-63 (E.D.Mo. 1996); <u>Rothmeier v. Investment Advisers, Inc.</u>, 932 F.Supp. 1156, 1161 (D.Minn. 1996).  In addition, the majority of circuits that have ruled on this issue have held that individual liability is not appropriate.  <u>See</u> <u>Rothmeier</u> at 1161 (compiling cases).

<u>Id</u>. at *1.   Therefore, the Court finds that there is no individual liability under either the ADEA or Title VII.  Accordingly, because the Court finds that there is no basis on which plaintiff can assert an individual claim against defendant Shull, the Court hereby **GRANTS** defendant Shull's Motion to Dismiss (Doc. # 8).

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **GRANTS** in part and **DENIES** in part plaintiff's Motion for Reconsideration and/or Motion to Amend Complaint (Doc. # 6), **GRANTS** individual defendant William Shull, III's Motion to Dismiss (Doc. # 8) and **GRANTS** plaintiff's Motion for Permission to File Addendum (Doc. # 13).  Plaintiff shall filed her Amended Complaint on or before **September 13, 2005**.

Date: <u>August 30, 2005</u>                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                          Fernando J. Gaitan, Jr.
                                               United States District Judge

8