# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

TINA M. WELLER, )
)
       Plaintiff, )
)
vs. )
) No. 05-0041-CV-W-FJG
)
LEGAL AID OF WESTERN MISSOURI, et al., )
)
       Defendants. )

## ORDER

On September 28, 2006, the Court granted the defendant's Motion to Enforce the Settlement Agreement entered into by the parties on December 6, 2005. The Court requested that defendant's counsel submit an affidavit detailing the amount of attorney fees and costs expending in filing the Motion to Enforce on or before October 16, 2006. Defendant's counsel has now submitted an Affidavit and plaintiff has filed Suggestions in Opposition.

Defendant's counsel in their Affidavit detail the time spent in preparing the Motion to Enforce, reviewing plaintiff's response, preparing reply suggestions and attendance at the hearing. Mr. Rowe states that he spent a total of 6.7 hours and that his normal hourly rate is: $230.00 an hour. Ms. Romero states that she spent a total of 28.8 hours and that her normal hourly rate is: $ 155.00. In addition they state they incurred a total of $96.35 in expenses for photocopies and legal research.

In opposition plaintiff states that she believes the amount requested in unreasonable and unjust. She argues that the case was not complex and there was no

reason two attorneys were needed to defend Legal Aid.  Plaintiff states that she herself spent only an hour researching her opposition to the Motion to Enforce.  She states that on the whole, spending 35 hours on a motion to enforce seems excessive.  She argues that she did not bring the suit in bad faith and relied on her attorney's assurances that if she did not agree with a term or provision of the settlement, it would not be included.

> '[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.' Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).  The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates.  See Hensley, 461 U.S. at 433, 103 S.Ct. 1933.

Hite v. Vermeer Manufacturing Co., 361 F.Supp.2d 935, 951-52 (S.D.Iowa 2005), aff'd, 446 F.3d 858 (8th Cir. 2006).

> The Eighth Circuit had adopted the guidelines for attorney's fees set forth by the Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). . . . In assessing attorney's fees, the district court must consider the following twelve factors: (1) the time and labor required, (2) the novelty and difficulty of the question, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client and (12) awards in similar cases. . . . Under the Johnson standards, the minimum award should generally be not less than the number of hours claimed times the attorney's regular hourly rate. . . . This statement, however, [is] not a complete limitation on the district court's discretion to award only reasonable attorney fees, but only a general guideline to be followed in the absence of unusual circumstances.

Id. at 952 (internal citations and quotations omitted).

"The Court calculates the fee by multiplying the number of hours reasonably expended on the case by a reasonable hourly rate with the resulting total presumed to

be a reasonable fee subject to an upward or downward adjustment based upon the factors enumerated above." Norwood Operating Co. V. Beacon Promotions, Inc., No. Civ. 04-1390 (MJD/SRN), 2006 WL 3103154 (D.Minn. Oct. 31, 2006).

After reviewing the Affidavit submitted by defendant's counsel, the Court finds that an award of fees is proper, however, the Court believes that some of the hours billed were excessive, especially in light of the fact that the Motion to Enforce was only six pages in length, the Reply Suggestions were only four pages and the Objections to plaintiff's affidavit were only five pages. Additionally, the hearing on the Motion to Enforce lasted only 34 minutes. Therefore, the Court will reduce Ms. Romero's hours to 15.45 and Mr. Rowe's hours to 5.2. The Court finds that the hourly rates requested for both Ms. Romero and Mr. Rowe were reasonable. Multiplying the reduced hours by the hourly rates requested yields a fee of $3,590.75. In reviewing the factors listed above, the Court however finds that a further reduction is warranted due to the fact that this was not a complex matter and did not require a great deal of time. Therefore, the Court will further reduce the fee by $590.75, thereby yielding a fee of $3,000.00. The Court finds that this is an amount which adequately compensates the defendant's counsel for the time spent preparing and filing the Motion to Enforce the Settlement Agreement. This amount shall be deducted from the total amount of the settlement paid to plaintiff.

Date: December 5, 2006  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
 United States District Judge